## DOMINIQUE COLANTONIO'S CASE.

Suffolk.    November 12, 1936. — December 1, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act,* Amount of compensation.    *Words,*
"Laborer."

It was error for the Industrial Accident Board under G. L. (Ter. Ed.)
c. 152, § 1 (1), to compute the average weekly wages of an employee,
who had worked but half an hour when he was injured, by use of the
payroll of a fellow employee, not shown to have been employed "in
the same grade . . . at the same work."

CERTIFICATION to the Superior Court under the work-
men's compensation act of a decision by the Industrial Acci-
dent Board.

In the Superior Court, a decree was entered by order of
*F. T. Hammond,* J., in accordance with the decision of the
board.    The insurer appealed.

*R. E. Titus & E. W. Sawyer,* for the insurer, submitted
a brief.

No argument nor brief for the claimant.

PIERCE, J.    This is an appeal by the insurer from a decree
of the Superior Court, entered in accordance with the find-
ings and decision of the Industrial Accident Board, with
respect to the amount of the average weekly wages of the
employee.    The case came before the Industrial Accident
Board upon the question of approval of an agreement for
the payment of compensation entered into by the insurer
and the employee.    The employee sustained an injury on
September 26, 1935.    The cause of the injury as stated in
the agreement is: "While removing broken cap stone from
bridge, stone dropped and injured fell with it."

The insurer and the employee entered into a temporary
agreement, under which compensation was paid at the rate
of $16 per week, based upon an average weekly wage of
$24.    A subsequent agreement was entered into by the

insurer and the employee, on January 16, 1936, under which compensation was paid at the rate of $10.95 per week, based upon an average weekly wage of $16.42. An agreement was made between the parties for the adjustment of the difference between the amount which the employee had received under the first agreement and what he was to receive under the second agreement. At the time of the hearing before the single member, on April 3, 1936, the employee was receiving compensation under the second agreement of $10.95 per week. The sole question reported by the single member was the amount of the average weekly wage of the employee.

The report of the single member contains all the material evidence, which is as follows: "Roland Bailey, questioned by the commissioner, testified that he is the town accountant for the town of Kingston. Witness hasn't the payroll of this employee with him. (It is agreed employee only worked a half hour when the accident happened.) Employee was a laborer. Witness has with him the payroll of a laborer for the town of Kingston by the name of Peter Benea. Peter Benea was hired the greater portion of the year prior to September 26, 1935. Phillip Brownridd, called by the insurer, testified he has with him the records of the payments made to the employee in this case by the insurer. Compensation started originally on the third of October and then there was a blank starting the twenty-seventh of January and extending to March 5; they started payments again the fifth of March. Dominique Colantonio, the employee, questioned by the commissioner, testified that he knows a man by the name of Peter Benea who worked for the town. Mr. Benea was a truck driver as far as employee knows. Employee did laboring work." On April 10, 1936, the single member filed her decision. In substance, she found that it was impracticable to compute the average weekly wage of the employee and, therefore, took "the wage of a fellow employee who worked for the same employer and doing the same grade of work as the employee." The single member found that the average weekly wage of the employee, based upon the payroll of Peter Benea, which is set out in the

record, should be $18.28; that, the agreed compensation having been paid at the rate of $10.95, there was due to the employee to the date of the hearing $1.24 a week from September 26, 1935; and that "Compensation at the rate of $12.19 a week is to continue, subject to the provisions of the act." A review having been claimed, the reviewing board heard the parties on May 28, 1936, and on June 2, 1936, filed its findings and decision affirming and adopting the findings and decision of the single member. On certification of the case to the Superior Court, a hearing was had. On June 30, 1936, the Superior Court entered a decree in accordance with the findings and decision of the Industrial Accident Board.

The insurer contends that the record contains no evidence to warrant the use of the payroll of Peter Benea, and that if such use was warranted the computation of the average weekly wage of Peter Benea was erroneous.

G. L. (Ter. Ed.) c. 152, § 1, reads in part: "The following words as used in this chapter shall, unless a different meaning is plainly required by the context or specifically prescribed, have the following meanings: (1) 'Average weekly wages', the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two; but if the injured employee lost more than two weeks' time during such period, the earnings for the remainder of such twelve calendar months shall be divided by the number of weeks remaining after the time so lost has been deducted. Where, by reason of the shortness of the time during which the employee has been in the employment of his employer or the nature or terms of the employment, it is impracticable to compute the average weekly wages, as above defined, regard may be had to the average weekly amount which, during the twelve months previous to the injury, was being earned by a person in the same grade employed at the same work by the same employer, or, if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district."

The only evidence that Peter Benea was a laborer was

the reference of the accountant of the employer to the payroll as "the payroll of a laborer for the town of Kingston by the name of Peter Benea." The reported evidence does not describe or mention the type of work performed for the employer, either by Benea or by the injured employee, other than to state that Peter Benea was a truck driver so far as the injured employee knew. The record falls short of showing that Benea was a laborer within the commonly accepted meaning of that word, and, if he was such, that he was "in the same grade employed at the same work" as the injured employee. It is common knowledge that persons within the general classification of "laborer" perform different types of work, requiring differing degrees of skill, and commanding different wages. The burden of proof rested upon the employee to prove by a fair preponderance of the evidence all facts necessary to entitle him to compensation, *Sponatski's Case*, 220 Mass. 526, 527–528; and this rule is the same if the Industrial Accident Board and not the employee is the moving party.

The Superior Court erred in entering a decree in accordance with the findings and decision of the Industrial Accident Board. The decree is reversed and the case is to be remanded to the Industrial Accident Board for proceedings not inconsistent with this opinion.

*So ordered.*